**IN THE COURT OF APPEALS OF IOWA**

No. 23-1914
Filed January 10, 2024

**IN THE INTEREST OF K.S. and O.S.,**
**Minor Children,**

**K.S., Father,**
    Appellant.

_____

    Appeal from the Iowa District Court for Clinton County, Kimberly Shepherd,
District Associate Judge.

    A father appeals the termination of his parental rights to two children.
**AFFIRMED.**

    Camille Kahn of Brubaker, Flynn & Darland, P.C., Davenport, for appellant
father.

    Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney
General, for appellee State.

    Patricia A. Rolfstad, Davenport, attorney and guardian ad litem for minor
children.

    Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

A father appeals the termination of his parental rights to his two daughters: K.S., born in 2014; and O.S., born in 2015. He contends that termination is not in the children's best interests and we should decline to terminate based on a permissive exception. Upon our de novo review, we affirm termination of his parental rights.

## I.    *Background Facts and Proceedings.*

The Iowa Department of Health and Human Services (HHS) became involved with the children based on the mother's alleged substance use.[1] K.S. and O.S. were adjudicated children in need of assistance. Before these events, the father was already incarcerated in an Illinois prison, and he remained incarcerated during the entirety of the proceedings. HHS attempted to engage with the father, but his involvement with services was limited due to his incarceration. The children had infrequent contact with the father, and their longest period without any communication was approximately one year.

The State petitioned for termination in May 2023. After a two-day hearing in September, both of the parents' parental rights were terminated in November 2023. The father appeals.[2]

---

[1] In November 2021, the mother gave birth to her third child. After the birth, the mother tested positive for controlled substances; similarly, the baby tested positive for amphetamine and methamphetamine. K.S., O.S., and the baby were all in her care, so they were jointly removed. But because only K.S. and O.S. are the subject of this appeal, we focus our analysis on them.

[2] The mother's rights were also terminated to the children, but she does not appeal.

## II.    Review.

We review termination proceedings de novo.  *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).  While not binding, we give weight to the juvenile court's findings of fact, especially regarding witness credibility.  *Id.*

## III.    Discussion.

We use a three-step analysis to review termination of parental rights proceedings.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  Those steps include whether: (1) grounds for termination have been established, (2) termination is in the children's best interests, and (3) we should exercise any permissive exceptions to termination.  *Id.* at 472–73.

### A.  Grounds for Termination.

The juvenile court terminated the father's parental rights to both children under Iowa Code section 232.116(1)(d), (e), and (f) (2023).  We may affirm on any one statutory ground when the juvenile court terminates under multiple grounds.  *In re A.W.*, No. 23-1125, 2023 WL 6290680, at *2 (Iowa Ct. App. Sep. 27, 2023).  The father concedes that two of the statutory grounds pled by the State have been met; accordingly, we find that the statutory grounds for termination have been met for section 232.116(1)(d) and (f) (2023).  *See id.* at *1.

### B.  Best Interests Analysis.

The father contends that termination was not in the best interests of the children because of their established parent-child bond.  But this argument is better suited as part of the permissive-exception analysis, and we consider it there.  In determining the best interests of the children, we must "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term

nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). A "defining element[]" of our analysis is the children's "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). Iowa courts do not deprive children of this permanent home in the hopes that a parent will suddenly improve. *In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012). We decline to keep them in a temporary situation while waiting for the father to potentially be released early, become stable, and develop a parenting relationship with his children. Instead, we find it is in the children's best interests to achieve permanency. Accordingly, upon our de novo review, we find that termination is in the best interests of the children.

*C. Permissive Exception.*

The father lastly requests we decline to terminate based on his parent-child relationship. *See* Iowa Code § 232.116(3)(c) (providing a discretionary exception to termination upon a finding of "clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]"). While we do not doubt the father's love for his children, the record does not show an established bond or that the children would be detrimentally impacted by termination. K.S. and O.S. had no communication at all with their father for one year during the proceedings. When they did have infrequent visits, their social work case manager described these interactions as a "struggle" where the children did not know what to say. K.S. and O.S. were encouraged several times to write to their father, but nothing in the record suggests this regularly occurred. While we acknowledge incarceration served as a barrier to communication in this case, the father cannot use this as an excuse. *See In re*

*B.H.A.*, 938 N.W.2d 227, 234 (Iowa 2020) ("[The father] cannot use his incarceration as a justification for his lack of a relationship with the child[ren]." (citation omitted)).  Instead, we rely on the record before us, which does not support the claim that the children will be harmed by termination.  We accordingly decline to exercise a permissive exception based on a parent-child bond.

## IV.    Disposition.

Because it is in the best interests of the children and we determine that no permissive exception should be applied to preclude termination, we affirm the termination of the father's parental rights.

**AFFIRMED.**